**ALICIA LEDUC MONTGOMERY, OSB 173963**
Email: alicia@leducmontgomery.com
**LEDUC MONTGOMERY LLC**
2210 W Main Street, Suite 107 #328, Battle Ground, Washington 98604
Telephone: (704) 702-6934

**ASHLEY CADOTTE, OSB 122926**
Email: ashley@ashleycadottelaw.com
**ASHLEY CADOTTE LAW, LLC**
2905 NE Broadway St., Portland, Oregon 97232
Telephone: (971) 804-0898

**ELISABETH CLAUS, ASB 2005036**
Email: elisabeth@claus-legal.com
**LAW OFFICES OF ELISABETH CLAUS, LLC**
11517 Old Glenn Hwy, Suite 205, Eagle River, Alaska 99577
Telephone: (907) 406-1268
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOSEPH SCHWAB** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **LELAND BEAMER,** an individual, **OREGON DEPARTMENT OF CORRECTIONS,** a state agency, **WARREN ROBERTS,** an individual, **ROBB PERSSON,** an individual, **JOE BUGHER,** an individual, **AMBER SUNDQUIST,** an individual, and **DOES 1-10,** individuals, <br><br> **DEFENDANTS.** | 1:26-CV-00074 <br><br> **COMPLAINT** <br><br> Violations of 42 U.S.C. § 1983 – 8th Amendment, 1st Amendment; Sexual Battery; Intentional Infliction of Emotional Distress; Professional Misconduct <br><br> DEMAND FOR JURY TRIAL |

PAGE 1 – **COMPLAINT**

## INTRODUCTION

1.      Plaintiff Joseph Schwab brings this lawsuit against Oregon Department of Corrections ("ODOC") prison doctor Defendant Leland Beamer for sexual abuse and misconduct against Plaintiff while he was incarcerated at Deer Ridge Correctional Institution. Plaintiff is currently incarcerated at Oregon State Correctional Institution in Marion County, Oregon.

2.      Defendants Warren Roberts, Joe Bugher, Rob Persson, Amber Sundquist, and Does 1-10 are ODOC employees with knowledge and responsibility to prevent the abuse that was inflicted on Plaintiff but who failed to protect him and subjected him to cruel and unusual punishment and unconstitutional conditions of confinement and retaliation. The State of Oregon, acting through ODOC, is vicariously liable for the misconduct of its employees.

3.      Plaintiff brings this action for damages and attorney fees and costs to redress the violations of his constitutional and state law rights caused by Defendants' misconduct.

## JURISDICTION

4.      This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983 and 12101 *et seq*., and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

5.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon law because the state claims arise from the same nucleus of operative facts as the federal claims.

## VENUE

6.      Venue is proper in the District of Oregon because the events giving rise to this claim occurred in this district, and all Defendants reside in this district. 28 U.S.C. §1391(b).

PAGE 2 – **COMPLAINT**

7.    Venue is proper in the Portland District because the majority of events giving rise to the claims occurred in Jefferson County which is located in the Portland District.

## PARTIES

8.    Plaintiff Joseph Schwab is an adult who, at all times relevant, was an adult in custody at correctional facilities operated by ODOC in Oregon. Plaintiff was housed at Deer Ridge Correctional Institute ("DRCI") in Jefferson County, Oregon. The majority of events giving rise to the claims in this case occurred while Plaintiff was incarcerated at DRCI. Plaintiff is currently housed at Oregon State Correctional Institution ("OSCI") and resides in Oregon.

9.    Defendant Leland Beamer is an adult who, at all times relevant, was employed by ODOC as a Medical Officer at DRCI acting under the color of state law. He is sued in his individual capacity. Defendant resides in Oregon.

10.    Defendant Warren Roberts is an adult who, at all times relevant, was employed by ODOC as Chief of Medicine acting under the color of state law. He is sued in his individual capacity. Defendant resides in Oregon.

11.    Defendant Joe Bugher is an adult who, at all times relevant, was employed by ODOC as Assistant Director of Health Services acting under the color of state law. He is sued in his individual capacity. Defendant resides in Oregon.

12.    Defendant Rob Persson is an adult who, at all times relevant, was employed by ODOC as Assistant Director of Operations acting under the color of state law. He is sued in his individual capacity. Defendant resides in Oregon.

13.    Defendant Amber Sundquist is an adult who, at all times relevant, was employed by ODOC as Superintendent of DRCI acting under the color of state law. She is sued in her individual capacity. Defendant resides in Oregon.

PAGE 3 – **COMPLAINT**

14.     Defendant State of Oregon, acting by and through the ODOC, is the Oregon state agency responsible for the care and custody of adults sentenced to prison for more than 12 months, including adults in custody at DRCI and OSCI.

15.     Defendants Does 1-10 are unidentified adults who, at all times relevant, were employed by ODOC as staff of DRCI acting under color of state law. Doe Defendants are sued in their individual capacity. Doe Defendants reside in Oregon.

## FACTUAL ALLEGATIONS

16.     Plaintiff, at all times relevant, was a prisoner in ODOC custody and housed at DRCI.

17.     Defendant Beamer, at all times relevant, was an ODOC employee and medical officer at DRCI.

18.     On or about January 16, 2024, Plaintiff had a medical appointment with Defendant Beamer at DRCI to discuss care for his back.

19.     During Plaintiff's medical appointment, Plaintiff expressed to Defendant Beamer that Plaintiff was experiencing pain when he urinated.

20.     Defendant Beamer directed Plaintiff to pull his pants down.

21.     Without warning and without obtaining consent, Defendant Beamer forcefully inserted his fingers into Plaintiff's anus.

22.     Defendant Beamer refused to stop penetrating Plaintiff's anus when Plaintiff told Defendant Beamer stop.

23.     Plaintiff repeatedly expressed that he was experiencing pain due to Defendant Beamer's conduct.

PAGE 4 – **COMPLAINT**

24.     Defendant Beamer responded that his fingers were "not the biggest thing that had ever been up there."

25.     Defendant Beamer removed his fingers from Plaintiff's anus and wiped feces on Plaintiff's bare buttocks.

26.     Defendant Beamer's prostate exam of Plaintiff was not medically necessary.

27.     Defendant Beamer's penetrating of Plaintiff's anus was not medically necessary.

28.     Defendant Beamer's penetrating of Plaintiff's anus was without Plaintiff's consent.

29.     Defendant Beamer's conduct was against Plaintiff's will made Plaintiff feel sexually violated.

30.     A medical release was subsequently placed in Plaintiff's file which Plaintiff had never signed.

31.     Plaintiff experienced physical pain, fear, anxiety, and emotional distress as a result of Defendant Beamer's act of penetrating Plaintiff's anus without his consent and against his will.

32.     Plaintiff continues to suffer from personal humiliation, fear, anxiety, and mental and emotional distress as a result of the incident.

33.     Plaintiff filed a complaint regarding the incident with ODOC pursuant to the Prison Rape Elimination Act (PREA).

34.     Plaintiff filed a grievance regarding Defendant Beamer's misconduct while Plaintiff was still housed at DRCI.

35.     Plaintiff filed a tort claim notice regarding Defendant Beamer's sexual abuse.

36.     Plaintiff was subsequently retaliated against by ODOC medical and corrections staff, including but not limited to being placed in isolation, being celled in, being falsely written

up, and being refused medical care, after making the PREA complaint and filing grievances against ODOC staff. Plaintiff feared and continues to fear retaliation from ODOC staff.

37.    In their leadership roles within ODOC, at all times relevant, Defendants Roberts, Persson, Bugher, and Sundquist were aware of Prison Rape Elimination Act ("PREA") complaints and lawsuits regarding ODOC medical employees sexually harassing or abusing adults in custody at DOC facilities.

38.    In their leadership roles within ODOC, at all times relevant, Defendants Roberts, Persson, Bugher, and Sundquist were aware of allegations or complaints that Defendant Beamer was engaging in sexual harassment, sexual abuse, and/or sexual misconduct against adults in custody at DRCI.

39.    ODOC, at all times relevant, was aware that Defendant Beamer had a history of abusing his position as a medical physician for personal benefit.

## FIRST CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983 – Eighth Amendment

### Sexual Abuse and Cruel and Unusual Punishment

### (Against Defendant Beamer)

40.    Plaintiff realleges all previous paragraphs.

41.    At all relevant times, Defendant Beamer was acting under the color of state law, and the customs and policies of ODOC.

42.    The Eight Amendment to the United States Constitution guarantees that individuals in state custody have the right to be free from cruel and unusual punishment, including sexual assault and abuse by state officials while incarcerated by the state.

PAGE 6 – **COMPLAINT**

43.     During a medical appointment at DRCI in or about January 16, 2024, Defendant Beamer, while acting in his capacity as Plaintiff's treating physician, intentionally subjected Plaintiff to non-consensual and sexually motivated physical contact and harassment by forcefully inserting his fingers into Plaintiff's anus under the guise of a prostate exam and then wiping feces on Plaintiff's bare buttocks.

44.     Defendant Beamer's conduct was not medically necessary, served no legitimate penological or therapeutic purpose, and was performed for Defendant Beamer's own sexual gratification or to humiliate and degrade Plaintiff.

45.     Defendant Beamer used his authority as a state medical officer to compel Plaintiff's compliance and to prevent him from protecting himself from unwanted sexual touching, penetration and wiping of feces on Plaintiff's bare skin.

46.     Defendant Beamer's actions constituted the wanton and unnecessary infliction of pain and humiliation.

47.     Defendant Beamer's actions were malicious and sadistic in nature.

48.     Defendant Beamer's actions were inconsistent with and did not serve any legitimate governmental or medical objective.

49.     As a direct and proximate result of Defendant Beamer's conduct, Plaintiff suffered physical pain, emotional trauma, humiliation, fear, anxiety, and ongoing psychological distress.

50.     Defendant Beamer's actions violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment.

51.     Accordingly, Plaintiff is entitled to compensatory damages against Defendant Beamer, for violations of 42 U.S.C. 1983, in an amount to be determined at trial.

PAGE 7 – **COMPLAINT**

52.     Plaintiff seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

53.     Defendant Beamer's actions were willful, malicious, and done with reckless or callous indifference to Plaintiff's protected rights. Defendant Beamer should be assessed punitive damages in an amount to be fixed by a jury to punish Defendant and deter future abuse.

54.     Plaintiff seeks an award of his reasonable attorney fees and costs incurred in bringing this action pursuant to 42 U.S.C. 1988.

## SECOND CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983 – Eighth Amendment

### Supervisory Deliberate Indifference in Failing to Protect

### (Against Defendants Roberts, Persson, Bugher, and Sundquist)

55.     Plaintiff realleges all previous paragraphs.

56.     At all relevant times, Defendants Roberts, Persson, Bugher, and Sundquist were acting under the color of state law, and the customs and policies of the State of Oregon and ODOC and held positions of supervisory authority within ODOC.

57.     Each of these Defendants had the authority and responsibility to establish, implement, and enforce policies ensuring the safety of adults in custody, including protection from sexual abuse and harassment by ODOC staff and medical providers.

58.     Defendants Roberts, Persson, Bugher and Sundquist were aware, or in the exercise of reasonable care should have been award, of prior Prison Rape Elimination Act ("PREA") complaints, grievances, or reports involving sexual harassment or sexual assault of adults in custody by ODOC medical staff, including allegations against Defendant Beamer.

PAGE 8 – **COMPLAINT**

59.     Defendants knew or should have known that Defendant Beamer posed a substantial risk of serious harm to adults in custody based on prior reports, staff warnings, or patterns of behavior suggesting inappropriate conduct during medical examinations.

60.     Despite such knowledge, Defendants Roberts, Persson, Bugher, and Sundquist failed to take reasonable steps to prevent the foreseeable abuse of Plaintiff, including but not limited to:

a.      Failing to remove or reassign Defendant Beamer from contact with adults in custody pending investigation of prior misconduct; and

b.      Failing to train, monitor, and discipline medical personnel to prevent sexual abuse and harassment of adults in custody.

61.     Defendants' inaction constituted deliberate indifference to a known and substantial risk that Defendant Beamer would sexually abuse or assault adults in custody, including Plaintiff.

62.     Defendants' deliberate indifference and failure to protect Plaintiff served no legitimate penological or administrative purpose.

63.     Defendants' deliberate indifference and failure to protect Plaintiff directly resulted in Plaintiff being sexually assaulted by Defendant Beamer.

64.     As a direct and proximate result of Defendants' misconduct, Plaintiff suffered physical pain, humiliation, fear, anxiety, and emotional distress and will continue to experience these harms in the future and seeks noneconomic damages.

65.     Defendants' actions and omissions violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment.

66.     Accordingly, Plaintiff is entitled to compensatory damages against Defendants, for violations of 42 U.S.C. 1983, in an amount to be determined at trial.

PAGE 9 – **COMPLAINT**

67. Plaintiff seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

68. Defendants' actions were willful, malicious, and done with reckless or callous indifference to Plaintiff's protected rights. Defendants Roberts, Persson, Bugher, and Sundquist should be assessed punitive damages in an amount to be fixed by a jury to punish Defendants and deter future abuse.

69. Plaintiff seeks an award of his reasonable attorney fees and costs incurred in bringing this action pursuant to 42 U.S.C. 1988.

## THIRD CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983 – First Amendment

### Retaliation

### (Against Doe Defendants)

70. Plaintiff realleges all previous paragraphs.

71. At all times relevant, Plaintiff engaged in conduct protected by the First Amendment to the United States Constitution, including but not limited to:

    a. Filing a Prison Rape Elimination Act ("PREA") complaint regarding Defendant Beamer's sexual abuse;

    b. Filing grievances against ODOC staff concerning that abuse and subsequent misconduct; and

    c. Filing a tort claim notice regarding that abuse and subsequent misconduct.

72. Defendants Does 1-10 were, at all relevant times, employees or agents of ODOC acting under color of state law and were aware of Plaintiff's protected activity.

PAGE 10 – **COMPLAINT**

73. After and because Plaintiff engaged in protected First Amendment activity, Defendants Does 1-10 took adverse action against Plaintiff, including but not limited to placing Plaintiff in isolation, celling Plaintiff in without legitimate justification, issuing false or retaliatory disciplinary write-ups, damaging Plaintiff's personal property, and denying or delaying Plaintiff's access to medical care.

74. These adverse actions were sufficient to and did chill a person of ordinary firmness from continuing to engage in the full range of protected conduct.

75. Defendants' adverse actions were substantially motivated by Plaintiff's protected conduct, as evidenced by the temporal proximity between Plaintiff's PREA complaint and grievances and the retaliatory acts, as well as the absence of legitimate penological justification for the conduct.

76. Defendants' actions did not reasonably advance any legitimate correctional goal and instead were intended to punish Plaintiff for reporting sexual abuse and seeking redress through lawful channels.

77. Defendants' conduct violated Plaintiff's rights under the First Amendment to the United States Constitution.

78. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered fear, emotional distress, anxiety, humiliation, denial of medial care, damage to personal property including his shoes and clothing, and ongoing psychological harm, and will continue to experience these harms in the future and seeks noneconomic damages.

79. Accordingly, Plaintiff is entitled to compensatory damages against Defendants, for violations of 42 U.S.C. 1983, in an amount to be determined at trial.

80.     Plaintiff seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

81.     Defendants' actions were willful, malicious, and done with reckless or callous indifference to Plaintiff's protected rights. Doe Defendants should be assessed punitive damages in an amount to be fixed by a jury to punish Defendants and deter future abuse.

82.     Plaintiff seeks an award of his reasonable attorney fees and costs incurred in bringing this action pursuant to 42 U.S.C. 1988.

### FOURTH

### Sexual Battery

### (Against Defendants Beamer and ODOC)

83.     Plaintiff realleges all previous paragraphs.

84.     At all relevant times, Defendant Beamer was employed by ODOC as a licensed physician and acted within the time and space authorized by his employment.

85.     On or about January 16, 2024, during a medical appointment at DRCI, Defendant Beamer willfully and intentionally subjected Plaintiff to harmful and offensive physical contact by forcefully inserting his fingers into Plaintiff's anus and wiping feces on Plaintiff under the guise of a medical examination, without medical necessity and without Plaintiff's consent.

86.     The contact described above was offensive, non-consensual, and carried out for Defendant Beamer's own sexual gratification or to humiliate Plaintiff.

87.     Defendant Beamer's conduct constituted a sexual battery under Oregon law because it involved intentional, unwanted sexual touching that a reasonable person would regard as offensive and harmful.

PAGE 12 – **COMPLAINT**

88.    Pursuant to the Oregon Tort Claims Act, ORS 30.265(1), Defendant State of Oregon and thus state agency ODOC, is vicariously liable for the tortious acts of its employee, Defendant Beamer, committed within the course and scope of his employment with ODOC.

89.    As a direct and proximate result of the sexual battery committed by Defendant Beamer, Plaintiff suffered physical pain, humiliation, fear, anxiety, and severe emotional distress and seeks noneconomic damages.

90.    Plaintiff filed a tort claim notice in accordance with ORS 30.275.

91.    Plaintiff has incurred and will continue to incur mental health and medical expenses and seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

92.    Defendant Beamer's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendant Beamer under Oregon law. Punitive damages are not sought against the State of Oregon.

93.    Plaintiff is entitled to a prevailing party fee, costs, and disbursements.

## FIFTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Against Defendants Beamer and ODOC)

94.    Plaintiff realleges all previous paragraphs.

95.    At all relevant times, Defendant Beamer was a licensed physician employed by ODOC and was acting within the course and scope of his employment in providing medical care to Plaintiff at DRCI.

96.    On or about January 16, 2024, during a medical appointment at DRCI, Defendant Beamer willfully and intentionally subjected Plaintiff to harmful and offensive physical contact by

PAGE 13 – **COMPLAINT**

forcefully inserting his fingers into Plaintiff's anus and wiping feces on Plaintiff under the guise of a medical examination, without medical necessity and without Plaintiff's consent.

97.     Defendant Beamer's conduct was intentional and done with deliberate disregard for the high probability for the high degree of probability that Plaintiff would suffer emotional distress as a result.

98.     Defendants Beamer and ODOC owed a special duty of care to Plaintiff as an adult in custody and medical patient. Defendants took advantage of Plaintiff's vulnerable condition. Defendants' conduct constituted an extraordinary transgression outside of the bounds of socially acceptable behavior and caused Plaintiff severe emotional distress.

99.     Pursuant to the Oregon Tort Claims Act, ORS 30.265(1), Defendant State of Oregon and thus state agency ODOC, is vicariously liable for the tortious acts of its employee, Defendant Beamer, committed within the course and scope of his employment with ODOC. Plaintiff filed a tort claim notice in accordance with ORS 30.275.

100.    As a result of above-described conduct, Plaintiff suffered, continues to suffer, and may permanently suffer from feelings of embarrassment, humiliation, anger, indignity, and shame and seeks noneconomic damages.

101.    Plaintiff seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

## SIXTH CLAIM FOR RELIEF

### Medical Negligence and Breach of Professional Duty

### (Against Defendants Beamer and ODOC)

102.    Plaintiff realleges all previous paragraphs.

PAGE 14 – **COMPLAINT**

103.    At all relevant times, Defendant Beamer was a licensed physician employed by ODOC and was acting within the course and scope of his employment in providing medical care to Plaintiff at DRCI.

104.    As Plaintiff's treating physician, Defendant Beamer owed Plaintiff a duty to exercise that degree of care, skill, and diligence ordinarily used by reasonably careful and prudent physicians practicing under the same or similar circumstances in the State of Oregon.

105.    Defendant Beamer further owed Plaintiff a duty to:

a.    Provide only medically necessary and professionally appropriate examinations and treatments;

b.    Maintain professional boundaries and refrain from engaging in conduct that could reasonably be interpreted as sexual or exploitative; and

c.    Safeguard the health, safety, and dignity of adults in custody receiving medical care.

106.    Defendant Beamer breached the above-described duties by, among other acts and omissions:

a.    Performing an unnecessary and unindicated prostate examination unrelated to Plaintiff's presenting medical condition;

b.    Penetrating Plaintiff's anus without medical necessity and without consent;

c.    Wiping feces on Plaintiff's bare skin; and

d.    Violating professional and ethical standards of medical practice designed to protect patients from sexual exploitation and harm.

PAGE 15 – **COMPLAINT**

107. Defendant Beamer's conduct fell below the applicable standard of care for a physician and violated professional duties imposed by Oregon law and medical ethics.

108. Pursuant to ORS 30.265(1), Defendant State of Oregon and thus state agency ODOC, is vicariously liable for the tortious acts of its employee, Defendant Beamer, committed within the course and scope of his employment with ODOC.

109. As a direct and proximate result of the negligence and breach of professional duty by Defendants, Plaintiff suffered physical pain, humiliation, emotional distress, anxiety, and mental anguish and seeks noneconomic damages.

110. Plaintiff filed a tort claim notice in accordance with ORS 30.275.

111. Plaintiff has incurred and will continue to incur costs for medical and mental-health treatment and seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

112. Defendant Beamer's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendant Beamer under Oregon law. Punitive damages are not sought against the State of Oregon.

113. Plaintiff is entitled to a prevailing party fee, costs, and disbursements.

### SEVENTH CLAIM FOR RELIEF

### Negligent Supervision and Retention

### (Against Defendant ODOC)

114. Plaintiff realleges all previous paragraphs.

115. At all relevant times, Defendant State of Oregon, acting by and ODOC, employed Defendant Beamer as a physician at DRCI and was responsible for supervising, monitoring, and retaining him in that position.

PAGE 16 – **COMPLAINT**

116.    Defendant ODOC owed a duty of reasonable care to protect adults in custody from foreseeable harm by ODOC employees, including medical staff, and to supervise and retain employees in a manner that ensured their fitness to safely perform their duties.

117.    Defendant knew, or in the exercise of reasonable care should have known, that Defendant Beamer posed a substantial risk of harm to adults in custody, based on:

a.    Prior complaints, grievances, or PREA reports alleging inappropriate or sexually abusive conduct by Defendant Beamer toward patients;

b.    Notice to ODOC leadership of Beamer's misconduct or boundary violations; and

c.    Systemic failures in ODOC's medical supervision and chaperone policies that allowed staff to conduct sensitive medical examinations without oversight.

118.    Despite such knowledge, Defendant State of Oregon negligently failed to take reasonable corrective or preventative measures, including but not limited to:

a.    Failing to investigate or adequately respond to prior complaints or warning signs regarding Defendant Beamer's conduct;

b.    Failing to implement adequate supervision, monitoring, or restrictions on Defendant Beamer's interactions with adults in custody;

c.    Failing to adopt or enforce policies requiring chaperones for sensitive medical procedures; and

d.    Retaining Defendant Beamer in a position of trust and authority over adults in custody despite knowledge, or reason to know, of his propensity to engage in inappropriate or abusive conduct.

PAGE 17 – **COMPLAINT**

119.    Defendant State of Oregon's negligent supervision and retention of Defendant Beamer was a substantial factor in causing the sexual assault, humiliation, and emotional and physical harm suffered by Plaintiff.

120.    As a direct and proximate result of Defendant ODOC's negligence, Plaintiff suffered physical pain, humiliation, fear, anxiety, and severe emotional distress and seeks noneconomic damages.

121.    Plaintiff filed a tort claim notice in accordance with ORS 30.275.

122.    Plaintiff has incurred and will continue to incur expenses for medical and mental-health treatment and seeks an award of economic damages for his past and future mental and medical health expenses in an amount to be determined.

123.    Plaintiff is entitled to a prevailing party fee, costs, and disbursements.

## DEMAND FOR JURY TRIAL

124.    Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against all Defendants, and award the following relief:

a.  A declaration that Defendants violated Plaintiff's rights under the Eighth and First Amendments to the United States Constitution and Oregon law;

b.  For compensatory and noneconomic damages in an amount to be determined at trial, including damages for physical pain, humiliation, fear, anxiety, mental anguish;

c.  For economic damages in an amount to be determined at trial, including past and future costs of medical care, mental health treatment, and related expenses;

PAGE 18 – **COMPLAINT**

d.  For punitive damages against the individual Defendants in an amount sufficient to punish and deter such misconduct;

e.  For Plaintiff's reasonable attorney fees, expenses, and costs incurred in bringing this action pursuant to 42 U.S.C. § 1988(b) and applicable Oregon law;

f.  For pre-judgment and post-judgment interest at the maximum rate permitted by law;

g.  For all allowable prevailing-party fees and disbursements under Oregon law; and

h.  For such other and further relief as this Court finds just, equitable, and appropriate.

DATED:  January 13, 2026

**LEDUC MONGOMERY LLC**

By: */s/ Alicia LeDuc Montgomery*
**Alicia LeDuc Montgomery, OSB #173963**
alicia@leducmontgomery.com
(704) 702-6934

**Ashley Cadotte, OSB #122926**
ashley@ashleycadottelaw.com
(971) 804-0898

**Elisabeth Claus, ASB #2005036**
elisabeth@claus-legal.com
(907) 406-1268
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*

PAGE 19 – **COMPLAINT**